# EXHIBIT 2

**Defendants' Motion to Dismiss, *Illinois v. The McGraw-Hill Cos.*, No. 12-CH-02535 (Cir. Ct. Cook Cnty., Apr. 23, 2012)**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, <br><br>   Plaintiff, <br><br> v. <br><br>THE MCGRAW-HILL COMPANIES, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br>No. 12 CH 02535 <br><br>Hon. Mary Anne Mason |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 27, 2012, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Mason or any judge sitting in her stead in courtroom 2510 of the Richard J. Daley Center, 50 West Washington, Chicago, Illinois, and shall then and there present *Defendants' Section 2-615 Motion to Dismiss,* a copy of which is attached hereto and hereby served upon you.

Dated: April 23, 2012.

               Respectfully submitted,

               THE McGRAW-HILL COMPANIES, INC.
               and STANDARD & POOR'S FINANCIAL
               SERVICES LLC

             By: _____
               One of Their Attorneys

Of counsel:

Floyd Abrams
Susan Buckley
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005

             Sheldon T. Zenner
             Gil M. Soffer
             KATTEN MUCHIN ROSENMAN LLP
             525 West Monroe Street
             Chicago, IL 60661
             Telephone: (312) 902-5200
             Facsimile: (312) 902-1061
             No. 41832

             *Counsel for Defendants The McGraw-Hill*
             *Companies, Inc. and Standard & Poor's*
             *Financial Services, LLC*

50719761

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a copy of the foregoing *Defendants' Section 2-615 Motion to Dismiss* to be served upon the following party via Federal Express and Electronic Mail, on April 23, 2012:

> Vaishali Rao
> Vijay Raghavan
> Assistant Attorney General
> Consumer Fraud Bureau
> 100 West Randolph Street
> 12th Floor
> Chicago, IL 60601
> vraghavan@atg.state.il.us
> vrao@atg.state.il.us

_____
DAWN M. CANTY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | No. 12 CH 02535 |
| v. | ) ) | Hon. Mary Anne Mason |
| THE MCGRAW-HILL COMPANIES, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' SECTION 2-615 MOTION TO DISMISS

Defendants The McGraw-Hill Companies, Inc. ("McGraw-Hill") and Standard & Poor's Financial Services LLC ("S&P") hereby move the Court to dismiss the Complaint pursuant to Section 2-615 of the Illinois Code of Civil Procedure.

1. This action was instituted against McGraw-Hill and its wholly-owned subsidiary S&P on January 25, 2012, by the Attorney General of the State of Illinois.

2. McGraw-Hill is an information services provider serving the financial services, education and business information markets; its principal place of business is in New York. None of the products or services sold or offered for sale by McGraw-Hill are at issue in this action. S&P is what is commonly referred to as a credit rating agency. It is licensed by and subject to regulation by the United States Securities and Exchange Commission. S&P prepares and publishes opinions that reflect its professional judgment on all manner of financial instruments, including government-issued debt and structured finance securities, such as those described in the Complaint.

3.  S&P's ratings of structured finance securities are the focus of the State's Complaint, which purports to allege claims under the Illinois Consumer Fraud and Deceptive Business Practices Act and the Uniform Deceptive Trade Practices Act.

4.  "Illinois law requires that a plaintiff present a legally and factually sufficient complaint." *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 586, 836 N.E. 2d 681, 691 (1st Dist. 2005). "When ruling on a section 2–615 motion to dismiss, the trial court should admit all well-pleaded facts as true and disregard legal and factual conclusions that are unsupported by allegations of fact." *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 165, 820 N.E. 2d 1167, 1172 (2d Dist. 2004). "The critical inquiry is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Jarvis v. South Oak Dodge, Inc.*, 201 Ill. 2d 81, 86, 773 N.E. 2d 641, 645 (Ill. 2002). "If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the trial court must grant the motion to dismiss." *Kumar*, 354 Ill. App. 3d at 165, 820 N.E. 2d at 1172.

5.  The State's Complaint fails to state a claim upon which relief may be granted and is substantially insufficient in law. 735 ILCS §5/2-615. Accordingly, in particular, and without limitation, the Complaint should be dismissed for the following reasons:

   a.  The State's claims are preempted by federal law. The federal Credit Rating Agency Reform Act established a comprehensive regulatory regime over the activities of rating agencies, grants exclusive authority to the SEC to oversee those activities and precludes the states from doing so.

   b.  The Complaint does not and cannot allege that the conduct at issue took place "primarily and substantially" in Illinois as is required by Illinois law.

2

      c.      The Illinois consumer protection statutes do not apply to the conduct of licensed and regulated professionals such as S&P.

      d.      Because S&P's ratings are speech about matters of public concern, the First Amendment and the Illinois Constitution bar the State's claims.

      e.      Because S&P's ratings are opinions and not "facts," they are not actionable under the consumer protection laws.

      f.      The other challenged misstatements concerning S&P's "integrity" and "independence" are not actionable under the consumer protection laws because they are not capable of being proven true or false and because the State fails to allege that such statements were material to anyone in light of what was publicly known about how and by whom S&P was paid to issue ratings.

      g.      The State's claims are not pleaded with the particularity required by Illinois law.

      h.      The State's claims for enhanced penalties fail because the Complaint does not identify the supposed "violations" and does not allege an intent to defraud as the statute requires.

6.     In further support of this motion, McGraw-Hill and S&P hereby incorporate and will submit an accompanying Memorandum of Law and Reply Memorandum as permitted by the Court based on the Court's ruling on their pending motion for leave to file a memorandum in support of their motion and reply brief in excess of the Court's customary 15 pages. That Motion, filed by Defendants on April 17, 2012, has been noticed for presentation to the Court on the earliest available date, April 27, 2012, at 9:30 a.m.

**WHEREFORE**, McGraw-Hill and S&P respectfully request that the Court dismiss the Complaint in its entirety with prejudice and award any and all other relief the Court considers appropriate under the circumstances.

**Dated:** April 23, 2012.

Respectfully submitted,

**THE McGRAW-HILL COMPANIES, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC**

By: _____
One of Their Attorneys

Of counsel:

Floyd Abrams
Susan Buckley
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005

Sheldon T. Zenner
Gil M. Soffer
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
No. 41832

*Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services, LLC*

4