UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

Attorney General Jim Hood, *ex rel.*
State of Mississippi,

      Plaintiff,

      v.                                    Case No.: 3:11-cv-00343-HTW-LRA

The McGraw-Hill Companies, Inc.,
Standard & Poor's Financial Services, LLC,
Moody's Corporation and Moody's Investors
Service, Inc.,

      Defendants.

**STATE OF MISSISSIPPI'S MEMORANDUM OF LAW IN SUPPORT
OF RESPONSE TO STANDARD & POOR'S APRIL 3, 2013 MOTION
TO STAY RESPONSES TO MOTION TO REMAND,
<u>OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME</u>**

The State of Mississippi ("State" or "Mississippi") opposes defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC's (collectively, "S&P") April 3, 2013 Motion to Stay Responses to [the 2013] Motion to Remand, or In the Alternative, for Extension of Time ("Motion to Stay Response to 2013 Motion to Remand").

On March 20, 2013, in response to S&P's Supplemental Notice of Removal, the State filed a motion to remand ("2013 Motion to Remand"). The next day, S&P moved for a stay of all proceedings ("Motion to Stay All Proceedings"). Briefing on S&P's Motion to Stay All Proceedings is in progress.

S&P's response to Mississippi's 2013 Motion to Remand was due on April 3, 2013. On April 3, S&P filed its Motion to Stay Response to 2013 Motion to Remand in lieu of filing a response to the remand motion, thus granting itself a *de facto* stay. S&P's *de facto* stay is improper and prejudices Mississippi by delaying the resolution of Mississippi's 2013 Motion to

Remand and the overall prosecution of the State's action.  For the reasons stated in this brief and in Mississippi's Response to S&P's Motion to Stay All Proceedings and accompanying memorandum, ECF Nos. 42 and 43 (incorporated herein by reference), Mississippi respectfully requests that this Court deny S&P's Motion to Stay Response to 2013 Motion to Remand and grant the State's 2013 Motion to Remand as unopposed or, in the alternative, order S&P to immediately file its response to that motion.

Mississippi has a legitimate interest in the expedient resolution of both its 2011 and 2013 Motions to Remand.  *Cf. Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) (purposes of removal statute are to deter improper removals sought merely to prolong and delay the litigation and impose costs on the opposing party; Local Uniform Civil Rule 7(b)(7) ("The court will give priority to . . . motions to remand, and other jurisdictional motions.").  Mississippi filed this action against S&P nearly two years ago and has submitted substantial briefing on both motions that S&P now seeks to stay.  S&P has now filed two notices of removal that it has then sought to stay on the eve or day of its deadline to file an opposition.  It is inappropriate for S&P to force a state government with limited resources to invest the substantial time and resources required to challenge such meritless removals, only to be faced with last-minute motions to stay instead of timely oppositions.

This is not the first time S&P has granted itself a *de facto* stay.  In 2011, Defendants failed to file their response to Mississippi's motion to remand, instead seeking additional time and remand-related discovery at the eleventh hour.  ECF No. 22.  Mississippi's opposition brief submitted that Defendants should be ordered to file their response.  ECF No. 26.  Ultimately, the parties agreed to hold Defendants' response to the 2011 Motion to Remand in abeyance, pending the Court's decision on Defendants' remand-related discovery motion.  S&P cannot claim a

similar justification for delaying its response to the 2013 Motion to Remand. S&P's response should have been ready and filed on the day it was due.

S&P argues that the Court should stay its response to the 2013 remand motion so that S&P "may address all remand-related issues [that is, the 2011 and 2013 Motions to Remand] at once." S&P's Mot. Stay Resp. to Mot. Remand at 3, ECF No. 41. Of course, S&P is the one that staggered its notices of removal, raising arguments in its 2013 removal notice that could have and should have been included in its 2011 removal notice, *see* Miss.' Mem. Supp. Mot. Remand at 5-6, ECF No. 37,[1] thereby forcing the State to "address all remand-related issues" more than "once." S&P should be required to do the same rather than enjoy considerably more time to contemplate their opposition. Even if S&P's new arguments in support of federal jurisdiction could not have been raised earlier, these arguments are unrelated to the issues raised by S&P's 2011 removal notice and, thus, there is no reason S&P cannot address them separately and by their deadline—yesterday.

S&P also requests an extension of time as an alternative to a stay. The Federal Rules of Civil Procedure require that a party seeking a stay or extension of time must demonstrate good cause. *See* Fed. R. Civ. P. 6(b)(1). Defendants did not satisfy this burden in 2011, *see* Miss.' Mem. Opp'n Defs.' Mot. Additional Time and Request for Remand-Related Disc. at 15-17, ECF No. 26, and S&P has failed to do so here. S&P cannot claim it needs discovery or more information to file a response, and it is hardly good cause that S&P wishes to "address all remand-related issues at once," particularly when it has forced the State to do otherwise. The

---

[1] In its instant motion to stay, S&P concedes that its newly-asserted bases for federal jurisdiction relates to "*each* State's claim," S&P's Mot. Stay Resp. to Mot. Remand at 2, ECF No. 41 (emphasis added), and not because additional state attorneys general filed other law enforcement actions in February 2013 similar to Mississippi's, Connecticut's, and Illinois' existing actions. Thus, S&P plainly could have raised these bases in its 2011 Notice of Removal.

only "cause" for S&P's request for additional time is to maximize S&P's convenience while prejudicing the State by continuing to delay its ability to prosecute state claims that concern matters of grave importance.

Accordingly, Mississippi respectfully submits that this Court should deny S&P's Motion to Stay Response to 2013 Motion to Remand and grant the State's 2013 Motion to Remand as unopposed or, in the alternative, order S&P to immediately file its response to that motion.

Respectfully submitted this the 4th day of April, 2013.

Plaintiff, State of Mississippi, *ex rel.* Jim Hood, Attorney General

By:\_\_\_/s/ George Neville_____
George W. Neville (MBN 3822)
Mary Jo Woods (MBN 10468)
Geoffrey Morgan (MBN 3474)
Special Assistant Attorneys General
Office of the Mississippi Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Phone/Fax: (601) 359-3680/(601) 359-2003
Email: gnevi@ago.state.ms.us, gmorg@ago.state.ms.us

Blake A. Tyler (MBN 101786)
511 East Pearl Street
Jackson, Mississippi 39201
Phone/Fax: (601) 949-5000/(601) 510-9089
Email: btyler@pgtlaw.com

Vaterria Martin (MBN 101235)
5709 Highway 80 West
Jackson, Mississippi 39209
Phone/Fax: (601) 923-1577/(601) 923-1579
Email: vmartin@4martinsatlaw.com

>Betsy Miller
>Cohen Milstein Sellers & Toll PLLC
>1100 New York Avenue, N.W.
>Suite 500, West Tower
>Washington, D.C. 20005
>Phone/Fax: (202) 408-4600/(202) 408-4699
>Email: bmiller@cohenmilstein.com
>
>*Counsel for the State of Mississippi*

**CERTIFICATE OF SERVICE**

I, Betsy Miller, do hereby certify that I have this day delivered a true and correct copy of the foregoing Memorandum via the Court's electronic filing system, to the following:

| | |
|---|---|
| Fred Krutz<br>J. Chase Bryan<br>Mandie B. Robinson<br>FORMAN PERRY WATKINS<br>KRUTZ & TARDY LLP<br>200 South Lamar Street, Suite 100<br>Jackson, Mississippi 39201-4099<br>fred@fpwk.com<br>jcbryan@fpwk.com<br>robinsonab@fpwk.com | C. Michael Ellingburg<br>Daniel Coker Horton & Bell, P.A.<br>4400 Old Canton Road<br>Suite 400<br>Post Office Box 1084<br>Jackson, MS 39215-1084<br>mellingburg@danielcoker.com |
| Floyd Abrams<br>S. Penny Windle<br>Whitney M. Smith<br>CAHILL GORDON &<br>REINDEL LLP<br>Eighty Pine Street<br>New York, New York 10005-1702<br>fabrams@cahill.com<br>mmcloughlin@cahill.com<br>pwindle@cahill.com<br>wsmith@cahill.com | Joshua M. Rubins<br>James J. Coster<br>Glenn C. Edwards<br>SATTERLEE STEPHENS<br>BURKE & BURKE LLP<br>230 Park Avenue, 11th Floor<br>New York, New York 10169<br>jrubins@ssbb.com<br>jcoster@ssbb.com |
| *Counsel for The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC* | *Attorneys for Moody's Corporation and Moody's Investors Service, Inc.* |

So Certified, this the 4th day of April, 2013.

/s/ Betsy Miller_____
Betsy Miller