**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| ATTORNEY GENERAL JIM HOOD, *EX REL.* STATE OF MISSISSIPPI,<br><br>               Plaintiff,<br><br>      *- against -*<br><br>THE MCGRAW-HILL COMPANIES, INC., STANDARD & POOR'S FINANCIAL SERVICES LLC, MOODY'S CORPORATION AND MOODY'S INVESTORS SERVICE, INC.<br><br>               Defendants. | Case No.: 3:11-cv-00343-HTW-LRA |

## RESPONSE TO STATE'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC, respectfully submit this Response to the State's Notice of Supplemental Authority in Support of its Motion to Remand and for Fees and Costs in Response to S&P's Supplemental Notice of Removal. The State's Notice addresses the remand order in the action entitled *State of Connecticut* v. *McGraw-Hill Cos. et al.*, Civ. No. 3:13-cv-311 (SRU) (D. Conn. Apr. 24, 2013) (the "Connecticut Decision"). The Connecticut case is one of the seventeen virtually identical, coordinated cases brought by different states against Defendants ("the State Actions"), which Defendants have removed to federal court on the basis of federal question jurisdiction pursuant to the Supreme Court's decision in *Grable & Sons Metal Prods., Inc.* v. *Darue Engineering & Mfg.*, 545 U.S. 308 (2005). Contrary to the State's assertion, the Connecticut Decision should have no bearing on this Court's consideration of Defendants' pending Motion to Stay this action

pending resolution of Defendants' Motion To Transfer This and Other Actions for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 or on the State's Motions to Remand, which are not yet fully briefed.

First, the procedural grounds for remand cited by the United States District Court of Connecticut are distinguishable from this case, which was already pending in federal court at the time Defendants filed their Supplemental Notice of Removal adding grounds for federal jurisdiction on the basis of federal question jurisdiction.[1] The Supplemental Notice of Removal was procedurally proper, because courts within the Fifth Circuit have permitted parties to assert additional grounds for jurisdiction where those grounds have arisen more than thirty days after a Notice of Removal has been filed. *See Davis* v. *Life Investors Insurance Co.*, 214 F. Supp. 2d 691, 694 (S.D. Miss. 2002) (Lee, C.J.) (considering additional grounds for removal because "this ground for removal/federal jurisdiction first arose while the case was pending in federal court after expiration of the thirty-day time limit for removal. In the court's opinion, in this circumstance, amendment of the notice of removal is permissible. In fact, it would be senseless to deny [defendant] the opportunity to assert this newly-arisen basis for removal/federal jurisdiction merely because of the fortuity that the basis arose while the case was pending in federal court, particularly given that if the case were remanded on the sole ground asserted in the removal petition, [defendant] would then be allowed to remove the case a second time on this new basis.") (citing *Green* v. *R.J. Reynolds Tobacco Co.,* 274 F.3d 263, 266 (5th Cir. 2001)).[2]

---

[1] The Connecticut Decision expressly limited its conclusion to the timeliness issues raised by the State of Connecticut and offered no analysis of the merits of Defendants' grounds for removal. Connecticut Decision at 5.

[2] As set forth in Defendants' Reply in Support of Motion to Stay, filed on April 15, 2013, all elements supporting federal question jurisdiction were not present when the Complaint was first filed on May 10, 2011. *See* Reply in Support of Motion to Stay at 8-9.

Second, the District Court of Connecticut focused its analysis of whether removal was timely on whether the filing of other State actions constituted an "other paper" within the meaning of 28 U.S.C. 1446(b)(3). Connecticut Decision at 10. This provision allows removal more than thirty days after the initial filing of the Complaint "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Connecticut Decision, however, offered no analysis of whether the press release issued by the Mississippi Attorney General in this action, commending other states for joining him in litigation against Defendants, constitutes an "other paper" within the meaning of the statute, and which provides Defendants with additional grounds to assert this new basis for jurisdiction. Supplemental Notice of Removal, ¶¶ 3, 13. In fact, contrary to the Connecticut Decision, this Court has already held that the meaning of "other paper" under Section 1446(b) "is not restricted solely to papers filed in the case." *See Polk* v. *Sentry Ins.,* 129 F. Supp. 2d 975, 978 (S.D. Miss. 2000) (Wingate, J.) (citing *Sunburst Bank* v. *Summit Acceptance Corp.,* 878 F. Supp. 77 (S.D. Miss. 1995) ("The essential purpose of § 1446(b) is to commence the running of the 30-day period once the defendant receives the requisite written notice that the case has become removable. This actual notice may be communicated in a formal or informal manner.")

Third, the Connecticut Decision suggested in *dicta* that, even if it assumed that Defendants' position on federal jurisdiction pursuant to *Grable* were otherwise correct, their removal was untimely because Defendants did not convince the Connecticut court that *Grable*'s "substantial" prong was not already satisfied at the time this case and the Illinois action were filed in light of other state actions already pending. Connecticut Decision at 10-11. As explained in Defend-

ants' Reply in Support of the Motion to Stay, isolated cases, even taken together, cannot be said to have had the same "real world" importance to the federal system as a whole as a coordinated wave of nearly twenty actions sharing a stated goal of effecting changes to Defendants' business. Not until February 5, 2013, when the States presented their unified challenge to the carefully crafted, comprehensive federal regulatory scheme under CRARA, did the federal issues in this case meet the "substantiality" requirements of *Grable*.

Finally, the District Court of Connecticut relied upon the fact that Defendants in that case had already litigated defenses on the grounds of federal preemption under the Credit Rating Agency Reform Act, as well as the First Amendment, in support of its conclusion that removal was untimely. Connecticut Decision at 11. While jurisdiction here is not grounded upon federal defenses, Defendants have not come close to litigating these issues in this action, which has been focused on resolving jurisdictional challenges to date.

Accordingly, Defendants request, for the reasons set forth in the briefing on their Motion to Stay, that the Court stay the litigation pending a resolution of Defendants' Motion To Transfer This and Other Actions for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407.

Dated: April 30, 2013

By: **/s/ J. Chase Bryan**
Fred Krutz, MSB #4270
J. Chase Bryan, MSB #9333
Mandie B. Robinson, MSB # 100446
FORMAN PERRY WATKINS KRUTZ &
TARDY LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099
Phone: (601) 960-8600
Fax: (601) 960-8613

Floyd Abrams (*pro hac vice*)

4

                S. Penny Windle (*pro hac vice*)
                Whitney M. Smith (*pro hac vice*)
                CAHILL GORDON & REINDEL LLP
                Eighty Pine Street
                New York, New York  10005-1702
                Phone: (212) 701-3000
                Fax: (212) 378-2712

*Attorneys for The McGraw-Hill Companies, Inc.*
*and Standard & Poor's Financial Services LLC*

**CERTIFICATE OF SERVICE**

I, J. Chase Bryan, do hereby certify that I have this day served the foregoing pleading via the Court's electronic filing system, to the following:

>Geoffrey Morgan
>George W. Neville
>Meredith M. Aldridge
>Special Assistant Attorneys General
>Office of the Mississippi Attorney General
>P.O. Box 220
>Jackson, MS 39205
>gnevi@ago.state.ms.us
>gmorg@ago.state.ms.us
>maldr@ago.state.ms.us
>
>Blake A. Tyler
>775 East Fortification Street
>Jackson, MS 39202
>btyler@pgtlaw.com
>
>Vaterria Martin
>5709 Highway 80 West
>Jackson, MS 39209
>vmmartin@4martinsatlaw.com
>
>Betsy Alexandra Miller
>Kit A. Pierson
>Cohen Milstein Sellers & Toll
>1100 New York Avenue, NW, Suite 500 West
>Washington, DC 20005
>bmiller@cohenmilstein.com
>kpierson@cohenmilstein.com
>
>***Counsel for Plaintiff, State of Mississippi, ex rel. Jim Hood, Attorney General***
>
>C. Michael Ellingburg
>Daniel Coker Horton & Bell, P.A.
>4400 Old Canton Road
>Suite 400
>Post Office Box 1084
>Jackson, MS 39215-1084
>mellingburg@danielcoker.com
>Joshua M. Rubins
>James J. Coster

6

                Glenn C. Edwards
                Satterlee Stephens Burke & Burke LLP
                230 Park Avenue, 11th Floor
                New York, NY 10169
                jrubins@ssbb.com
                jjcoster@ssbb.com

                ***Attorneys for Moody's Corporation and Moody's Investors Service, Inc.***

This the 30th day of April, 2013.

                                        **\_\_\_\_/s/ J. Chase Bryan_____**
                                            J. Chase Bryan